**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. NASH,<br><br>    Plaintiff,<br><br>  v.<br><br>MARSH FINANCIAL SERVICES, et al.,<br><br>    Defendants.<br>_____/ | No. C 04-05267 CRB<br><br>**ORDER GRANTING MOTION TO STRIKE ORAL JURY DEMAND** |

    Now pending before the Court is defendants' motion to strike the oral demand for a jury trial made by plaintiff at the Case Management Conference on March 18, 1995. After considering the papers filed by the parties, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS defendants' motion.

### BACKGROUND

    Plaintiff filed this action in state court on October 26, 2004. His complaint does not demand a trial by jury. Defendants removed this action to this Court on December 13, 2004. Four days later defendants filed their answer. At the Case Management Conference on March 18, 2005, plaintiff made an oral demand for trial by jury. Defendants move to strike that demand on the ground that it was untimely and therefore waived.

### DISCUSSION

    Plaintiff was required to demand a trial by jury within ten days of service of

1  defendants' answer, that is, by the end of 2004.  See Fed. R. Civ. P. 38(b).  Plaintiff's failure
2  to make a timely jury trial demand in federal court means that he waived his right to trial by
3  jury.  See Fed. R. Civ. P. 38(d).

4      As defendants removed this case from state court, however, Federal Rule of Civil
5  Procedure 81(c) "provides [three] possible avenues around waiver."  Lutz v. Glendale Union
6  High School, 403 F.3d 1061, 1063 (9th Cir. 2005).  First, plaintiff would still be entitled to a
7  jury trial if he made a proper request under California law before defendants removed the
8  case.  See id. (citing Fed. R. Civ. P. 81(c) ("A party who, prior to removal, has made an
9  express demand for trial by jury in accordance with state law, need not make a demand after
10 removal.")).  This waiver exception does not apply because plaintiff does not contend that he
11 made a demand for a jury trial prior to removal.

12     Second, plaintiff would not have waived his right to a jury trial if his state complaint
13 already includes a jury demand that satisfies Rule 38(b).  See id.  Again, plaintiff does not
14 contend that his complaint includes a demand for trial by jury.

15     Third, if California law "does not require the parties to make express demands in
16 order to claim trial by jury, they need not make demands after removal unless the court
17 directs that they do so."  Fed. R. Civ. P. 81(c).  The Ninth Circuit has held that California law
18 requires plaintiffs to make an express demand for a jury trial, Lewis v. Time Inc., 710 F.2d
19 549, 556 (9th Cir. 1983) (citing California Code of Civil Procedure section 631);
20 accordingly, this exception, too, does not apply.

21     Finally, Federal Rule of Civil Procedure 39(b) provides that "notwithstanding the
22 failure of a party to demand a jury in an action in which such a demand might have been
23 made of right, the court in its discretion upon motion may order a trial by a jury of any or all
24 issues."  Plaintiff asks the Court to exercise its discretion and order a trial by jury because his
25 failure to timely demand a jury trial was based on his counsel's failure to "see the instant file
26 and its pleadings for approximately one month after the papers were served, due to an office
27 move.  The counsel handling this claim for Plaintiff also was in the process of moving his
28 residence at the same time."  Plaintiff's Opposition at 2.

Despite the broad language of Rule 39(b), the Court does *not* have discretion to order a jury trial in these circumstances. In the Ninth Circuit, a court does not have discretion to order a jury trial despite a party's failure to timely request a jury if the failure was based on attorney inadvertence or neglect. See Pacific Fisheries Corp. v. HIH Cas. & General Ins., 239 F.3d 1000, 1002 (9th Cir. 2001). Plaintiff's untimely demand was the result of quintessential attorney inadvertence or neglect. Defendants' motion to strike plaintiff's untimely oral jury demand is therefore GRANTED.

**IT IS SO ORDERED.**

Dated: May 19, 2005

/s/
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE